**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2011

Lyle W. Cayce
Clerk

No. 11-40093
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUADALUPE OZORNIO CRUZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-44-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Guadalupe Ozornio Cruz, Jr., pleaded guilty to one count of conspiracy to possess more than five kilograms of cocaine with intent to deliver. *See* 21 U.S.C. §§ 846, 841(a)(1). He appeals his within-guidelines sentence of 210 months of imprisonment.

A presumption of reasonableness applies to a sentence that is within a properly calculated guidelines range. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Because Cruz did not object to the sentence in the district court,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review is for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S., 129, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In his sole issue on appeal, Cruz argues that his sentence is substantively unreasonable because the drug-trafficking guidelines lack an empirical basis and because his personal history and characteristics should have been given more weight. His argument regarding lack of an empirical basis for § 2D1.1 is foreclosed. *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). As for Cruz's personal history and characteristics, Cruz notes only that he is a father and that he takes his responsibilities seriously. This factor was before the district court. Cruz does not explain how or why this factor could have received more weight. This argument is unavailing.

Cruz has not shown that the sentence does not account for a factor that should receive significant weight, that it gives significant weight to an irrelevant or improper factor, or that it represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). He has not shown error, plain or otherwise. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.